UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IRFAN LALANI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-04-0622 |
| | § | |
| TEXAS FARMERS INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's motion for summary judgment. After considering the parties' filings and the applicable law, the Court finds that the motion, Docket No. 30, should be and hereby is **GRANTED**. Plaintiff's claim is hereby **DISMISSED WITH PREJUDICE**.

### I.  BACKGROUND

"The National Flood Insurance Act of 1968 established a national flood insurance program that enables property owners to purchase insurance against flood risks at reasonable rates." *Hanover Bldg. Materials, Inc. v. Guiffrida*, 748 F.2d 1011, 1012 (5th Cir. 1984). That program is administered by the Federal Emergency Management Agency (FEMA), which provides a standard flood insurance policy (SFIP) for dwellings and "general property." *Id.*; 44 C.F.R. § 61 App. A(1) & (2). A homeowner can purchase an SFIP directly from FEMA or via a private insurer through the "Write-Your-Own" (WYO) program. *See* 44 C.F.R. § 62.23. All valid SFIP claims, whether purchased from FEMA or from private carriers, are paid directly from the United States Treasury. *Gowland v. Aetna*, 143 F.3d 951, 955 (5th Cir. 1998).

1

Plaintiff Irfan Lalani holds an SFIP policy issued through Defendant Texas Farmers Insurance Company ("Texas Farmers"). In August 2001, Plaintiff's mobile home sustained flood damage when a nearby creek overflowed. Plaintiff submitted a claim under his SFIP and was paid the policy limit.[1] On November 4, 2002, the creek again overflowed, and Plaintiff subsequently submitted another SFIP claim to Texas Farmers. Texas Farmers contacted a claims company, which assigned an adjuster to assist Lalani in processing his claim. The adjuster and an associate inspected Lalani's home and submitted a report to Texas Farmers estimating the damage to the home at $15,472.29 and to its contents at $40,525.47.

On February 6, 2003, Lalani submitted to Farmers a signed and sworn partial proof of loss statement claiming total damages in the amount of $55,997.76. Several weeks later, Texas Farmers rejected Lalani's proof of loss and requested a copy of his title to the mobile home and receipts to confirm that he had, prior to the 2002 flood, repaired the damage caused by the 2001 flood. Plaintiff's public adjuster (not the adjuster assigned by Texas Farmers) responded to the letter, informing Texas Farmers that any receipts pertaining to the 2001 repairs had been destroyed by the 2002 flood.

Texas Farmers then requested a re-inspection by an adjuster from the National Flood Insurance Program (NFIP). That re-inspection never took place, for reasons regarding which the parties cannot agree.[2] On May 20, 2003, Texas Farmers again wrote to Lalani, requesting documents to prove that the prior flood damage had been repaired

---

[1] Although the parties' filings are not clear on this point, it appears that the SFIP policy under which Plaintiff was compensated in 2002 was issued through a different insurer, not through Texas Farmers. For the purposes of this suit, however, it is immaterial whether Texas Farmers or another insurer handled Plaintiff's previous claim, since the United States government is the real party in interest in both cases.

[2] Lalani claims that he tried but was unable to accommodate the adjuster's schedule; Texas Farmers simply asserts that the adjuster "was unable to obtain any cooperation from the Plaintiff or his public adjuster." (Def.'s Mot. for Summ. J. at 4.)

prior to the most recent flood and asking for two estimates of the value of the mobile home. Lalani's adjuster responded with one estimate of the home's value. On January 29, 2004, Texas Farmers informed Lalani that his claim had been denied for lack of documentation. On February 19, 2004, Lalani filed the instant suit.

## II.   ANALYSIS

### A.   Legal Standards

#### 1.   Summary judgment standard.

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. *See* FED. R. CIV. P. 56(c). "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir.), *cert. denied*, 534 U.S. 892 (2001) (internal quotation marks and citation omitted). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could enter a verdict for the non-moving party." *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Id*.

#### 2.   SFIP standard.

The Fifth Circuit has held that "the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced." *Gowland*, 143 F.3d 951, 954 (5th Cir. 1998). Thus, "an insured's failure to provide a complete, sworn

proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim." *Id.* And although the SFIP provides that an insurer may, at its option, waive the proof of loss requirement and accept instead an adjuster's report signed by the insured, "the federal regulations provide that no provision of the policy may be altered, varied, or waived without the *express* written consent of the Federal Insurance Administrator." *Id.* (emphasis in original) (citing 44 C.F.R. § 61.13(d)); *see also* NFIP Adjuster Claims Manual art. VII(J), available at http://www.fema.gov/pdf/nfip/adj_man/11s7adj.pdf (stating that the proof of loss requirement may be waived only for claims for $7,500 or less).

    **B.**    **Lalani's Claim**

Lalani concedes that he did not timely file a complete proof of loss statement. He argues, however, that Texas Farmers's failure to complain of his tardiness until a full year after the sixty-day deadline imposed by the SFIP had elapsed, *see* 44 C.F.R. § 61, App. A, at § VII(J), constituted a waiver of the proof-of-loss requirement and acceptance of the adjuster's report in its place. As noted above, however, a waiver of the proof-of-loss requirement must be express, not implied. Moreover, Lalani's claims total more than $55,000 – well in excess of the $7,500 ceiling for claims subject to waiver. Accordingly, Texas Farmers's motion for summary judgment must be and hereby is **GRANTED**, and Lalani's Complaint is hereby **DISMISSED WITH PREJUDICE**.

    **IT IS SO ORDERED**.

5

**SIGNED** at Houston, Texas, on this the 3rd day of April, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**